**Edward J. NILAND; John B. Gunn; Emeka Nchekwube; Eric Karl Spangenberg, Plaintiffs—Appellants,**

v.

**CITY OF SAN JOSE, CALIFORNIA, a municipal corporation; California Agriculture and Forest Products Corp, Defendants—Appellees.**

No. 02–15352.

D.C. No. CV–00–20902–RMW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 7, 2003.

Decided April 25, 2003.

Before FERGUSON, McKEOWN, and RAWLINSON, Circuit Judges.

MEMORANDUM*

1. Appellants have no standing to proceed in this action as judgment creditors of CalAg because Appellants do not have a judgment against CalAg. *See* Cal. Civ. Code § 210.780. Appellants' "de facto" creditor argument is not supported by precedent. Appellants do have standing to proceed as assignees.

2. Appellants' as-applied claims are not ripe for review because CalAg neither completed an application to develop the property nor applied for a variance. *See Kinzli v. City of Santa Cruz*, 818 F.2d 1449, 1454 (9th Cir.1987). CalAg's failure to complete an application also dooms Appellants' futility argument. *See id.*

3. Any facial challenge to the enactments is barred by the statute of limitations.[1] *See Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 688 (9th Cir.1993).

4. The district court did not abuse its discretion in denying Appellants' Rule 56(f) request because the information sought pertained not at all to the arguments raised in the motion for summary judgment. *See Jarrow Formulas, Inc. v.*

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We expressly decline to decide whether California's 90–day statute of limitations governing actions challenging land use decisions or the California one-year statute of limitations

applicable to 42 U.S.C. § 1983 claims applies to this case. Even assuming application of the latter, Appellants' claims are still time barred. We also decline to entertain Appellants' contention that their claim arises directly under the Constitution. Because Appellants did not assert this argument before the district court, they have waived it for purposes of this appeal. *See Doi v. Halekulani Corp.*, 276 F.3d 1131, 1140 (9th Cir.2002).

*Nutrition Now, Inc.,* 304 F.3d 829, 842 (9th Cir.2002).

**AFFIRMED.**